## CLUGGISH *v.* ROGERS.

The mayors of towns and cities have the jurisdiction, under the laws of the state, of justices of the peace.

APPEAL from the *Henry* Court of Common Pleas.

PERKINS, J.—*Rogers* sued *Cluggish* before the mayor of *Newcastle,* upon a breach of warranty upon a horse swop. He alleged that the horse he received was warranted sound, worth 100 dollars, &c., whereas he was sick, had fits, and died soon after he received him.

*Cluggish* answered, by way of counterclaim, that the horse he received from *Rogers,* in the trade, was warranted sound, young, worth 100 dollars, &c.; whereas he was little less than fifty years old, ring-boned, spavined, &c., and worth nothing. *Cluggish* also denied the jurisdiction of the mayor over the person of the defendant; but the mayor entertained jurisdiction, tried the cause, and gave judgment for *Cluggish.* *Rogers* appealed to the Common Pleas.

In that Court, *Rogers* waived his demurrer, so far as it applied to the answer to the jurisdiction of the mayor, by insisting upon it only as to another point, and let the case stand upon the issue as one of fact, upon the denial of the plea, which the statute put in for him, and the cause was tried upon the merits. *Rogers* obtained judgment for 50 dollars.

The evidence is not upon the record.

We have no doubt, as a question of law, but that the mayor had jurisdiction. He had the jurisdiction of a justice of the peace. But, as the evidence is not upon the record, we should be compelled to presume in favor of the judgment below, that upon the proof, it was shown that the defendant lived within the jurisdictional limits of the mayor, whatever those limits might have been.

The instructions were all right. No error is shown in the record. There is nothing in the case.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*J. H. Mellett* and *E. B. Martindale*, for the appellant.

*W. Grose*, for the appellee.